IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOYCE ESTHER DE ARMERO,<br><br>    Defendant. | No. C13-00721 CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND LIFTING STAY** |

    Defendant Joyce Esther De Armero moves the Court to reconsider its July 2015 Order granting the government's Petition on Behalf of Victim to Amend Restitution Order (dkt. 48), arguing that the good cause standard in 18 U.S.C. § 3664(d)(5) is unmet. See generally Mot. (dkt. 52). The Court has carefully reviewed Defendant's papers and the government's opposition (dkt. 54) and DENIES Defendant's Motion.

    The FBI Special Agent's declaration explains that she was not able to contact Victim David Petrovay prior to submitting restitution amounts to the Court on June 4, 2015, as Mr. Petrovay had informed her that he would be out of the country. Colon Decl. (dkt. 46-2) ¶ 3. It also describes Mr. Petrovay's diligence, upon returning and viewing the Court's restitution order, in following up with Special Agent Colon, and in producing documentation of his losses. Id. ¶¶ 4-9. That documentation supports a revised restitution award. See id. at ¶¶ 5-6. Mr. Petrovay's Declaration also details how Mr. Petrovay promptly pursued his rights

when he discovered that he had losses not reflected in the restitution order. See Petrovay Decl. (dkt. 46-1) ¶ 4. Although Defendant quibbles with the government's "chronology," see Mot. ¶ 14, the Court is persuaded that section 3664(d)(5)'s standard is met here—specifically, that Mr. Petrovay discovered further losses not included in the restitution order and that the government has demonstrated good cause for its failure to include such losses in its initial claim for restitutionary relief. See also Dolon v. United States, 560 U.S. 605, 612–13 (2010) (observing that "the statute seeks primarily to ensure that victims of a crime receive full restitution," and emphasizing that "the Act's efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability.").

Accordingly, the Motion for Reconsideration is DENIED and the Court's Stay of Restitution (dkt. 50) is LIFTED.

**IT IS SO ORDERED.**

Dated: November 25, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE